**In re Mike CASEY, Tami Casey, Debtors.**

**Bankruptcy No. 93–02326–RRS–13.**

United States Bankruptcy Court, M.D. Alabama.

Oct. 1, 1993.

E. Terry Brown, Montgomery, AL, for movant.

Richard D. Shinbaum, Montgomery, AL, for respondent.

*ORDER ON MOTION TO RECONSIDER CONFIRMATION*

RODNEY R. STEELE, Chief Judge.

Southeast Bank, N.A., successor in interest to Mid–State Homes, Inc., and a secured creditor in this Chapter 13 case on the residential real property of these debtors, filed a motion on September 1, 1993, seeking a reconsideration of this court's confirmation order entered August 19, 1993.

The matter was set down for hearing, and called on September 27, 1993, at Montgomery. The court heard argument of debtors' counsel and of the attorney for Southeast Bank, N.A. The thrust of the bank's argument is that pre-petition arrearages on a residential home mortgage are secured, and if they are secured, then they must be treated, when cured under 11 U.S.C. § 1322(b)(2) and (b)(5) as the Bankruptcy Code requires them to be treated under 11 U.S.C. § 1325(a)(5). The debtor's plan does not provide for this treatment.

Southeast Bank, N.A. refers us to the holding in *Rake v. Wade,* —— U.S. ——, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993).

The holding in that Supreme Court case requires a ruling in favor of Southeast Bank. While that case related to an over secured creditor on residential real property, the court went further in subsection III(B) of the opinion, to hold that section 1325(a)(5) relating to the treatment of secured claims in a Chapter 13 "applies by its terms to 'each allowed secured claim provided for by the plan.'" While the court focused on the terms "provided for by the plan" it is abundantly clear that whether the claim of the mortgage holder in a residential home mortgage is over secured or under secured, the pre-petition arrearages are secured by the mortgage, and must be treated under 11 U.S.C. § 1325(a)(5). Southeast Bank, N.A. is thus entitled to

interest on these arrearages under that subsection.

It is therefore ORDERED that the motion to reconsider the order confirming the Chapter 13 plan is GRANTED, and the plan is hereby modified to provide that the pre-petition arrearage claim of $2,532 is due to be paid with interest from the date of the filing of the petition in this case as a secured claim. The plan must provide, and does herein provide that the Southeast Bank, N.A. retains the lien securing its claim and is to be paid, as of the effective date of the plan the present value of the claim, which requires the payment of interest.

The rate of interest to be paid on the secured claim of Southeast Bank, N.A. is hereby set at 9 percent per annum, subject to reconsideration by the application of either party to these proceedings.

The argument made in open court by the attorney for the debtor—that the effect of such a holding will be to impose interest on interest—is not persuasive. The only case which we are able to find relating to interest on interest in a bankruptcy context is *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946).

In that case, the court held that interest on interest was not equitable or fair in a bankruptcy setting. However, the court was emphatic that its reasoning was based upon the wording of the Bankruptcy Act as interpreted by the court in accordance with authority granted by Congress. *See* 329 U.S. at 163, 67 S.Ct. at 240, 91 L.Ed. at 166. As the court pointed out in *In re Sublett*, 895 F.2d 1381 (11th Cir.1990), at page 1385, treating equitable principles in bankruptcy:

The Bankruptcy Court's reliance on *Vanston* to disallow Equitable's claim on the equitable ground that it would be "unfair to other creditors" is fatally flawed in two respects. First, it is established that "whatever equitable powers remain in the Bankruptcy Court must and can only be exercised within the confines of the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968–69, 99 L.Ed.2d 169 (1988). As the Ninth Circuit has held:

Although an award of post-petition interest is governed generally by the equities of the case, the Bankruptcy Code provides over secured creditors with certain statutory rights to interest ... Thus to the extent that *Vanston's* equitable analysis suggests a result contrary to the language of the present Bankruptcy Code, *Vanston* has been superseded....

We are thus bound by the superior federal law set out in § 1325(a)(5) and interpreted conclusively for us in *Rake v. Wade, supra.*