**In re Lu Genia JOHNSON, Debtor.**

**Bankruptcy No. 96–1523–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 11, 1996.

D. Lamar Smith, Jacksonville, FL, for Debtor.

Marsha Brown, Jacksonville, FL, for Creditor Boatmen's.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO OBJECTION TO CLAIM ONE

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon Debtor's Objection to Claim One (1) of Boatmen's National Mortgage, Inc., as servicing agent for First National Bank of Chicago (Creditor). Upon evidence presented at hearings held on November 6 and 12, 1996, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On December 31, 1987, a promissory note and mortgage were executed by Gerald K. Johnson and Kathy L. Johnson and delivered to the Administrator of Veteran's Affairs. (Doc. 34) On November 17, 1988, Lu Genia Johnson (Debtor) assumed the note and mortgage. (*Id.*). The note and mortgage was then assigned to Creditor. (*Id.*).

2. Debtor defaulted on the note and mortgage, by not paying the March 1, 1993 payment. (*Id.*). Creditor subsequently declared all amounts owed under the note and mortgage due in full, and proceeded with a state foreclosure action. (*Id.*).

3. On May 20, 1994, Debtor filed for protection under Chapter 13 of the Bankruptcy Code. Debtor's case, 94–2136–BKC–3F3, was dismissed on March 12, 1996 for failure to make payments under the confirmed plan. (*Id.*). Debtor filed this second Chapter 13 case on March 18, 1996. (Doc. 1).

4. On May 20, 1996, Creditor filed Proof of Claim 1 for $51,686.49, which included $8,318.93 in arrears and $3,055.53 as interest on the arrearage. (Creditor Ex. 2). Debtor objected to claim 1 on the grounds that it included interest on the pre-petition arrearage. (Doc. 22). On November 6 and 12, 1996, the Court conducted an evidentiary hearing on Debtor's objection to claim 1. (Docs. 29–30). The Court took the objection under advisement and asked the parties to submit Memorandums of Law on the narrow issue of "whether an under-secured mortgagee of residential property is entitled to post-confirmation interest on pre-petition arrearage."

5. On November 21, 1996, the Court conducted a confirmation hearing, and confirmed Debtor's Chapter 13 plan pending Order on the objection to claim 1. (Doc. 33).

### CONCLUSIONS OF LAW

The sole issue before the Court is whether an undersecured mortgagee of residential property is entitled to post-confirmation interest on pre-petition arrearage. Debtor contends that interest on pre-petition arrearage is not properly compensable because Creditor has not established itself as an oversecured creditor within the meaning of 11 U.S.C. § 506(b),[1] nor is it entitled to interest under *Rake v. Wade*, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993). (Doc. 32).

Creditor, however, asserts that it is entitled to the post-confirmation interest on pre-petition arrearage because in *Rake*, the Supreme Court did not limit interest on pre-petition arrearage solely to oversecured creditors under 11 U.S.C. § 1325(a)(5).[2] (Doc.

---

1. Section 506(b) provides that:
   To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement which such claim arose.
   11 U.S.C. § 506(b) (1994).

2. Section 1325(a)(5) provides that:
   (a) Except as provided in subsection (b), the court shall confirm a plan if—

34). Creditor argues that, under section 1325(a)(5), the plan must pay interest on all allowed secured claims provided for in the plan, and there is no distinction between oversecured and undersecured claims as found in section 506(b).

The Eleventh Circuit and this Court have not addressed the issue of whether an undersecured mortgagee of residential property is entitled to post-confirmation interest on pre-petition arrearage. Therefore, the Court turns to other courts for guidance in resolving this issue.

The Court begins its analysis with *Rake v. Wade,* 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993).[3] In *Rake,* the petitioners proposed to pay off mortgage arrearages without interest over the life of their plans. *Id.* at 466, 113 S.Ct. at 2190. The Supreme Court held that respondent, an oversecured creditor, was entitled pre-confirmation and post-confirmation interest on the arrearages that were to be paid off under the plan. *Id.* at 475, 113 S.Ct. at 2193. To support its holding, the Supreme Court reasoned, in part, that with respect to post-confirmation interest, section 1325(a)(5) applies by its terms to allowed secured claims provided for by the plan. *Id.* at 473–75, 113 S.Ct. at 2192–94. The Court went on to define the phrase "provide for by the plan" to mean "make a provision for" or "stipulate to" something in a plan. *Id.* The Court concluded that the debtors provided for respondent's home mortgage claim by establishing repayment schedules for the satisfaction of the arrearage portion on those claims. *Id.* Consequently, the arrearages, which are a part of the respondent's home mortgage claims, were "provided for" by the plans, and respondent is entitled to interest on the arrearages under section 1325(a)(5)(B)(ii). *Id.* The *Rake* Court dealt only with oversecured creditors, and left unanswered the issue of whether undersecured creditors are entitled to post-confirmation interest on pre-petition arrearage.

However, some bankruptcy courts have read *Rake* broadly to support their decisions that undersecured creditors are also entitled to post-confirmation interest on pre-petition arrearage pursuant to section 1325(a)(5). *See, e.g., In re Jones,* 168 B.R. 146, 149 (Bankr.E.D.Tex.1994) (holding that debtors had an obligation to pay post-confirmation interest on mortgage arrearage claim to ensure that mortgagee received the present value of its allowed secured claim); *In re Brycki,* 161 B.R. 915, 916–17 (Bankr.D.N.J. 1993) (concluding that a claim for arrearage is "an allowed secured" entitled to interest over the life of the plan pursuant to section 1325(a)(5)); *In re Casey,* 159 B.R. 963, 963 (Bankr.M.D.Ala.1993) (concluding that the pre-petition arrearages are secured by the mortgage, and are entitled to interest under 11 U.S.C. § 1325(a)(5)). Relying on *Rake,* these courts have reasoned that a claim for arrearage on a home mortgage is an "allowed secured claim" under section 1325(a)(5) because the claim is secured by the mortgage, whether the mortgagee is undersecured or oversecured. *See Brycki,* 161 B.R. at 916–17; *Jones,* 168 B.R. at 148–49. Therefore, interest must be paid on all arrearage to ensure that creditor receives the present value of its allowed secured claim under subsection 1325(a)(5)(B)(ii). *Id.* The creditor, in this case, relies on this rationale to support its claim for post-confirmation interest on pre-petition arrearage.

This Court is unpersuaded by the broad reading of *Rake,* and agrees with the *Harned* court which stated that, "the *Rake* Court could have easily explicitly stated that § 506(b) applied only to pre-confirmation interest and that § 1325(a)(5) required interest on arrears to be paid to undersecured mort-

---

(5) with respect to each allowed secured claim provided for by the plan—
　(A) the holder of such claim has accepted the plan;
　(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
　(ii) the value, as of the effective date of the plan, of property to be distributed under the

plan on account of such claim is not less than the allowed amount of such claim; or
　(C) the debtor surrenders the property securing such claim to such holder[.]
11 U.S.C. § 1325(a)(5) (1994).

**3.** 11 U.S.C. § 1322(e) overruled the *Rake* decision, but applies only to those notes and mortgages placed on a debtor's principal residence after October 22, 1994.

gagees as well as oversecured mortgages if meant to so hold." *In re Harned,* 166 B.R. 255, 261 (Bankr.E.D.Pa.1994).[4] The *Harned* court further noted that *Rake* neither held nor explicitly stated that undersecured mortgagees are entitled to recover interest on arrears in any circumstances. *Id.* Consequently, this Court declines to read *Rake* to allow payment of interest on pre-petition arrearage on a home mortgage over the life the Chapter 13 plan. This Court concludes that the Creditor's claim for post-confirmation interest on pre-petition arrearage should be disallowed.

## CONCLUSION

Debtor's objection to Claim 1 will be sustained in part, and Creditor's claim for interest on pre-petition arrearage in the amount of $3,055.53 will be disallowed. The Court will enter a separate order consistent with these findings of fact and conclusions of law.

---

**4.** In its legal memorandum, Creditor relied, in part, on *Harned* to support its claim for interest on pre-petition arrearage. (Doc. 34, at 10). However, a more careful reading of *Harned* reveals that the case dealt with an oversecured creditor and the court rejected the broad reading of *Rake* and its progeny that undersecured mortgagees are entitled to interest on pre-petition arrears. *Id.* at 261.