**In re Robert Dale BUMGARNER, Debtor.**

**Bankruptcy No. 97–05523.**

United States Bankruptcy Court,
D. South Carolina.

Jan. 5, 1998.

As Amended Jan. 20, 1998.

Beth C. Grzybowski, Drose & Rhoades, N Charleston, SC, for debtor.

Leonard R. Jordan, Jr., Berry, Adams, Quackenbush & Dunbar, P.A., Columbia, SC, for creditor.

## ORDER

WM. THURMOND BISHOP, Bankruptcy Judge.

This matter comes before the Court upon the objection of First Federal Savings and Loan ("First Federal") to the debtor's plan, filed July 16, 1997. First Federal objects because the plan does not provide for interest on the cure of the mortgage default to this mortgage creditor. Debtor has proposed that the default be cured during the term of the plan without interest, as permitted by 11 U.S.C. § 1322(e), because the contract does not provide for interest on defaults.

In 1994, 11 U.S.C. § 1322(e) was amended to provide

Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law.

The effective date of the provision is October 10, 1994, and applies only to agreements or refinancings entered after that date. The Legislative History to § 1322(e) provides that this section has the effect of overruling *Rake v. Wade*, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993) which gave interest on all elements of a mortgage arrearages, including principal, interest, late charges, and escrow fees, cured by debtors in bankruptcy.

This had the effect of giving secured creditors interest on interest payments, and interest on the late charges and other fees, even when it was something that was not contemplated by either party in the original transaction.

Legislative History, 11 U.S.C. § 1322(e).

8 *Collier on Bankruptcy,* 15th Ed. revised, ¶ 1322.18 at p. 1322–54, provides

Under section 1322(e), the amount necessary to cure a default is the same amount as would be required to cure if the debtor were not in bankruptcy. Two conditions must be met before interest or other charges can be requires as part of the bankruptcy cure. First, the interest or charges must be required under the original agreement, and second, they cannot be prohibited by state law. In other words, the bankruptcy court will never require interest in excess of that permitted by state law, and will require none unless the agreement provides for interest.

The contract, introduced into evidence at the hearing, mentions interest in several places. The first page of the document sets forth the rate of 10.50% per year "until paid in full." The payment of interest is more fully explained on the second page where the note indicates that "Interest accrues on the unpaid balances of principal remaining from time to time, until paid in full."

First Federal admits that the note does not, in any specific terms, require that interest be paid on the cure of any default in bankruptcy, nor that interest be paid on interest. First Federal apparently relies upon the phrase "paid in full" to show that the note provides for interest based upon the case of *In re Mitchell*, Case # 91–00139 (Bankr.D.S.C.6/25/91) which was decided in 1991.

In *In re Mitchell*, Case # 91–00139 (Bankr.D.S.C.6/25/91) (JBD), the Court addressed the issue of whether interest on the arrearage must be included in a chapter 13 plan. The Court stated that interest on arrearage must be paid if the loan agreement and South Carolina law permit it. In the *Mitchell* case, the Court found that interest on arrearages is permitted under South Carolina law. Although the note in *Mitchell* did not specifically mention interest on arrearage, the Court found the language "until paid" required the "conclusion that interest continues to accrue as long as there is an unpaid balanceeven interest on unpaid interest." The Court further stated that "interest on interest is clearly the presumption in South Carolina when the promissory note

provides for interest 'until paid' or 'on the unpaid balance.' "

■ The first prong of the test is hereby met in that South Carolina does allow for interest to be paid on arrearages. The Court now turns to the second prong to determine if the contract provides for the payment of interest on the arrearage.

■ For contracts entered into after the 1994 amendments, the question then becomes whether a presumption of interest on interest is still enough to provide for interest on interest or whether the agreement has to specifically provide for such. (For example, whether the agreement must provide language such as "all past due installments of principal and interest shall bear interest from maturity.")

The Legislative History to 11 U.S.C. § 1322(e) states

And section 305 will prevent mortgage lenders from imposing interest on interest when mortgage lenders from imposing interest on interest when [sic] mortgage arrearages are cured, even when the mortgage instrument is silent on the subject. This section will affect all future mortgages unless the mortgage specifically retains the lender's right to impose such interest on interest.

This contract was signed on October 14, 1996, so section 1322(e) is, therefore, applicable. This court must look to the terms of the contract to determine whether the parties intended to provide for this additional right.

■ The note and mortgage contract herein do not contain any provision which requires interest on arrearage. The only language in the contract which applies to interest indicates that interest is due until "paid in full" and "Interest accrues on the unpaid balances of principal remaining from time to time, until paid in full." Because the underlying agreement does not specifically provide for interest on arrearage, the test under § 1322(e) is not met even though state law might permit better treatment. Therefore,

IT IS ORDERED that the trustee confirm the debtors' plan filed July 16, 1997, which cures the arrearage owed First Federal Savings and Loan, without interest, as permitted under 11 U.S.C. § 1322(e).

AND IT IS SO ORDERED.