**In re William C. YOUNG, Debtor.**

**No. 02–28951–SVK.**

United States Bankruptcy Court,
E.D. Wisconsin.

Nov. 6, 2003.

Clifton G. Owens, Milwaukee, WI, for Debtor.

## MEMORANDUM OPINION SUSTAINING OBJECTION TO CLAIM

SUSAN V. KELLEY, Bankruptcy Judge.

In *Rake v. Wade*, resolving a split among the Circuits, the Supreme Court held that when a chapter 13 debtor proposes to cure a default on a home mortgage, the mortgage creditor is entitled to interest on the mortgage arrearages, i.e., interest on interest, even if such interest is not provided in the note and mortgage between the parties. 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993). The following year, Congress amended § 1322(e) of the Bankruptcy Code to state that the amount necessary to cure a default in a chapter 13 plan "shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." The legislative history of § 1322(e) states that the amendment has the effect of overruling *Rake v. Wade*. In this chapter 13 case, the Debtor's mortgage creditor, Homeside Lending, Inc., filed a proof of claim for arrearages and other charges and added "Interest on sub-total over term of plan (42 months) at the rate of 6.25%." The Debtor objected to the interest component of the claim.

## FACTS

The facts are undisputed. The Debtor signed a Mortgage Note on July 31, 1995 (after October 22, 1994, and therefore subject to the provisions of § 1322(e) of the Bankruptcy Code). Under the Note, the monthly principal and interest payment is $338.63, with interest calculated at 8.00% per annum. Apparently the Note was guaranteed by the Department of Veterans Affairs (VA), as the Note states on its face that the loan is not assumable absent the VA's approval. The Note also provides that if the Debtor defaults by failing to pay any installment in full prior to the expiration of a grace period, then the entire principal sum and all accrued interest shall become due and payable. The Note states that if the Note is collected by an attorney, the Debtor "agrees to pay all costs of collection, including a reasonable attorney's fee."

To secure the Note, on July 31, 1995, the Debtor signed a Mortgage covering the Debtor's principal residence. The Mortgage adds additional payment terms, such as requiring the Debtor to include with his monthly payments amounts necessary to pay premiums for fire and hazard insurance and taxes and assessments on the property. The Mortgage states that if the monthly payments are insufficient to pay the insurance premiums, taxes and assessments, the Debtor shall pay the amount necessary to make up the deficiency within 30 days after written notice by the Mortgagee. This provision does not require

that interest shall be payable on the escrow deficiency. By contrast, the Mortgage permits the Mortgagee to perform any defaulted covenant or agreement of the Debtor, and allows any moneys advanced by the Mortgagee in performing the defaulted covenants or agreements to become part of the indebtedness, "bearing interest at the rate provided on the principal indebtedness." At the Mortgagee's option, a late charge is payable in the amount of the lesser of 4% or the amount permitted by state law on any delinquent installments. Like the Note, the Mortgage requires the Debtor to pay all costs incurred by the Mortgagee upon the Debtor's default, including reasonable attorneys fees.

The Debtor filed his chapter 13 case on July 11, 2002. According to Homeside's proof of claim, as of the date of the petition, the Debtor was 21 months in arrears at $474.30 per month for a total installment arrearage of $9,960.30.[1] In addition to these installment arrearages, the claim also includes the following charges:

| | |
|---|---|
| Late Charges | $ 721.08 |
| Property Inspection | 349.65 |
| Escrow Shortage | 1,201.22 |
| Outstanding Foreclosure Attorneys and Bankruptcy Fees and Costs | 1,814.76 |
| Bankruptcy Costs | 150.00 |

Adding the installment arrearages, the subtotal is $14,197.01. As stated above, Homeside claims interest of 6.25% per annum on this subtotal, over the 42–month term of the plan, in the amount of $3,105.48, for a total claim of $17,302.49. The Debtor objected to the claim on the sole basis that the interest of $3,105.48 is not allowable under Bankruptcy Code § 1322(e). Accordingly, the Court does not reach the issue of whether the attor-

neys fees and other components of the claim are reasonable and allowable under applicable nonbankruptcy law.

## DISCUSSION

Prior to *Rake v. Wade*, the issue of whether a mortgage creditor was entitled to interest on arrearages divided the Courts of Appeals. 5 *Norton Bankruptcy Law and Procedure 2d* § 121:8, 121–94 n. 68 (1997). *Norton* explains that one group of courts, including the Courts of Appeals for the Third, Fourth, Ninth and Eleventh Circuits, concluded that a mortgage creditor was entitled to interest on arrearages as an element of curing default under § 1322(b)(5), but only if the mortgage clearly so provided. *Id.* Apparently this issue never reached the Court of Appeals for the Seventh Circuit, but in *In re Stamper*, 84 B.R. 519, 523 (Bankr.N.D.Ill. 1988), Bankruptcy Judge Ginsberg followed *In re Terry*, 780 F.2d 894 (11th Cir.1985) and *In re Capps*, 836 F.2d 773 (3d Cir.1987), and held that a chapter 13 mortgage arrearage claim is entitled to interest on arrearage amounts only to the extent the mortgage clearly provides.

■ Judge Ginsberg pointed out that to allow interest when a mortgage on a personal residence does not provide for it would constitute an impermissible modification of the mortgage contract in violation of Bankruptcy Code § 1322(b)(2). Moreover, *Stamper* and the cases it followed make clear that it is not simply the "interest on interest" component of the claim that is objectionable. To require more interest on the principal than was agreed to by the parties in the original loan documents is as problematic as permitting interest on interest. *See Stamper*, 84 B.R.

---

1. Homeside has not explained the discrepancy between the principal and interest installment amount of $338.63 stated in the Note and the $474.30 installment amount stated in the proof of claim. Presumably, the difference is the amount necessary to pay real estate taxes and insurance premiums.

at 523. Interest should not be allowed on other charges, such as late charges and collection costs, unless that interest is clearly provided by the loan documents and permitted by applicable nonbankruptcy law. *In re Hoover*, 254 B.R. 492, 496 (Bankr.N.D.Okl.2000).

■ According to *Norton*, "The passage of § 1322(e) establishes the pre-*Rake* approach of the Third, Fourth, Ninth, and Eleventh Circuits as the law of the land as to cases involving mortgages executed subsequent to enactment of the 1994 Act." *Norton, supra*, 121–95. Accordingly, based on the pre-*Rake* cases and especially Judge Ginsberg's approach in *Stamper*, the Court has reviewed Homeside's Note and Mortgage to determine whether interest on the arrearage can be allowed in this case. Since neither the Mortgage nor the Note provide for interest on the arrearages, the short answer is no.

■ As indicated above, the Homeside Note provides for acceleration of the principal and all "accrued interest" upon default. However, other than the optional late charges clause in the Mortgage, no provision of the Note or Mortgage imposes additional interest to be paid after default. For example, Homeside's loan documents do not contain a default interest rate, and there is no language such as that found in *In re Koster*, "specifically provid[ing] for interest on principal after default." 294 B.R. 737, 740 (Bankr.E.D.Mo.2003). The statement in the Note that interest is due until the Note is paid in full is not sufficient to require additional interest to be paid upon arrearages. *In re Bumgarner*, 225 B.R. 327, 328 (Bankr.D.S.C.1998). In the proper case, interest may be payable on the principal component of the arrearage claim, but this is not such a case, since neither the Note nor Mortgage provide for post-acceleration or post-default interest. Therefore, under Bankruptcy Code § 1322(e), no interest on Homeside's principal and interest arrearages is allowable. Similarly, no interest is chargeable on the late charges, foreclosure attorneys fees, bankruptcy costs or property inspection charges. Interest on these amounts is simply not contemplated by the loan documents between the parties. The escrow shortage arguably may require interest, as the Mortgage allows any moneys advanced by the Mortgagee in performing defaulted covenants or agreements to become part of the indebtedness, "bearing interest at the rate provided on the principal indebtedness." However, the Mortgage does not provide for interest to be charged on escrow shortfalls, and Homeside has not presented any evidence that it advanced funds to cure a default resulting in the escrow shortfall.

■ Since the Note and Mortgage do not provide for interest on the arrearages and other charges listed in the Claim, it is not necessary to review applicable non-bankruptcy law to determine whether such interest charges are allowable. *See Hoover*, 254 B.R. at 496 (§ 1322(e) analysis is two steps: (1) the interest or charges must be required under the original agreement; and (2) they cannot be prohibited by state law). However, the Court notes that the regulations that govern VA-guaranteed mortgages do not provide for interest on arrearages or other charges claimed by Homeside. *See* Department of Veterans Affairs Loan Guaranty, 38 C.F.R. §§ 36.4311–36.4313 (2003) (covering Interest Rates, Charges and Fees, and Advances and Other Charges).

■ Homeside has cited seven cases in support of its claim for post-petition interest. However, the only chapter 13 case cited, *In re Harko*, did not address the issue at bar: whether interest is allowed on claims curing home mortgage defaults.

211 B.R. 116 (2nd Cir. BAP 1997). In *Harko*, the Bankruptcy Appellate Panel considered "cramdown" interest rates under §§ 506(b) and 1325(a)(5)(B)(ii) of the Bankruptcy Code,[2] and specifically distinguished mortgage arrearage cures under § 1322(e): "With regard to § 1322(e), enacted to overrule *Rake v. Wade*, the introductory language, which specifically references §§ 506(b) and 1325(a)(5), makes clear that these sections have no applicability in a cure situation. Thus, again, cure under § 1322(e) is conceptually distinct from cramdown."[3] *Harko*, 211 B.R. at 122. In the instant case, the mortgage creditor is facing the cure of mortgage arrearages under § 1322(e) rather than a cramdown under § 1325(a)(5). As such, *Harko* does not apply.

## CONCLUSION

Since the Note and Mortgage do not provide for interest on arrearages or the charges detailed in the proof of claim (other than interest on sums advanced to perform defaulted covenants, which have not been claimed in this case), the post-petition interest of $3,105.48 is not allowed under § 1322(e) of the Bankruptcy Code. The Debtor's Objection is sustained, and Homeside's claim is allowed in the amount of $14,197.01, which may be paid through the chapter 13 plan, without interest.

**2.** Cramdown refers to the requirement that an oversecured creditor receive the present value of its allowed secured claim under § 1325(a)(5)(B)(ii).

**3.** *Harko* did not follow Seventh Circuit precedent in determining the cramdown interest rate. 211 B.R. at 122 n. 12. The issue is presently pending in the United States Supreme Court. *In re Till*, 301 F.3d 583 (7th Cir.2002), *cert. granted, Till v. SCS Credit Corp.*, 539 U.S. 925, 123 S.Ct. 2572, 156 L.Ed.2d 601 (2003).